**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ALBERT ADRIAN MONTOYA,

      Petitioner,

v.                                                                              No. CV 14-0738 MV/GBW

JAMES JANECKA,

      Respondent.

<u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>

      This matter is before the Court, *sua sponte* under rules 4 and 11 of the Rules Governing Section 2254 Cases, for preliminary consideration of Petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus.  Also before the Court is Petitioner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. 3).  The Court will grant the motion and will dismiss the petition for lack of jurisdiction.

      In a previous § 2254 proceeding, *Montoya v. Lopez*, No. CV 09-0688 MV/ACT, Petitioner attacked the same state court criminal conviction that is the subject of this proceeding.  *See Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972) (noting that court may take judicial notice of its own records).  In the earlier case, Petitioner asserted a number of claims of constitutional error in his state court trial and sentencing.  The Court dismissed the petition with prejudice as untimely filed (Doc. 18).  According to the current petition, Petitioner then returned to the state courts in further pursuit of habeas corpus remedies.   These efforts produced no relief, and he now brings a new § 2254 petition raising two claims of constitutional infirmity in his conviction.

      The current petition, again, squarely attacks Petitioner's 2003 conviction, and is thus his second petition.  *See In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam) (holding that the dismissal of a first habeas petition as time-barred was a decision on the merits rendering later

habeas petitions challenging the same conviction second or successive).  The petition is not accompanied by an authorizing order from the Court of Appeals for the Tenth Circuit.  "When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to [the Court of Appeals] if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction."  *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008); *see also Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997); 28 U.S.C. § 1631.  According to the factors in *Cline*, the Court will dismiss Petitioner's petition for lack of jurisdiction.

Furthermore, under rule 11 of the Rules Governing Section 2254 Cases, because Petitioner has failed to make a substantial showing of denial of a constitutional right, the Court will deny a certificate of appealability.

IT IS THEREFORE ORDERED that Petitioner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. 3) is GRANTED, and he may proceed without prepayment of costs or other fees or the necessity of giving security therefor; his Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus is DISMISSED for lack of jurisdiction; a certificate of appealability is DENIED; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE